IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ᴘᵍ D.C.
05 AUG 17 AM 11: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|   |   |   |
|---|---|---|
| EDWARD SMITH, as Conservator of SUE NELL SMITH, an incapacitated person | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 05-02106 BV |
| KINDRED NURSING CENTER LIMITED PARTNERSHIP d/b/a Cordova Rehabilitation and Nursing Center; KINDRED HEALTHCARE SERVICES, INC.; and KINDRED HEALTHCARE OPERATING, INC.; NEICIE J.MCKINION, in her capacity as Administrator of Cordova Rehabilitation and Nursing Center; KATHERINE A. BERRY, her capacity as Administrator of Cordova Rehabilitation and Nursing Center; FRANK D. LAMIER, in his capacity as Administrator of Cordova Rehabilitation and Nursing Center; JAMES W. FREEMAN, in his capacity as Administrator of Cordova Rehabilitation and Nursing Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Before the court is the August 15, 2005 motion of the defendants, Kindred Nursing Centers Limited Partnership, et al. ("Kindred"), pursuant to Federal Rule of Civil Procedure 26(c)(1),

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-18-05



requesting that the court enter a protective order providing that discovery not be had from individual defendants, Katherine A. Bennett, Neicie J. McKinion, Frank D. Lamier, and James W. Freeman. This motion was referred to the United States Magistrate for determination. For the following reasons, the motion is granted.

## BACKGROUND

On March 4, 2005, the plaintiff, Edward Smith, filed a motion for remand to state court. The motion to remand is currently pending before the court. In that motion, Smith contends that the joinder of the individual Administrator defendants destroys the completeness of diversity of citizenship among the parties and the court thus lacked subject matter jurisdiction. On March 22, 2005, Kindred filed a response opposing the motion for remand arguing that the individual defendants were fraudulently joined because the complaint states no cause of action against them.

On July 15, 2005, Smith served his first set of interrogatories and requests for production of documents on each of the four individual defendants. Thereafter, on August 15, 2005, Kindred filed this motion for protective order.

## ANALYSIS

Federal Rule of Civil Procedure 26(c)(1) permits the court to issue a protective order prohibiting discovery. The rule allows the court to "make any order which justice requires to protect a

2

party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c).

Kindred contends that regardless of the disposition of the motion to remand and the motion to dismiss the individual defendants, discovery from the individual defendants should not be had at this time. If the court finds that the individual defendants were not fraudulently joined, then the case will be remanded to the state court. An order remanding this case to state court would effectively deprive this court of jurisdiction to order discovery. Alternatively, if the court finds that the individual defendants were fraudulently joined and refuses to remand the case, then the individuals would no longer be parties subject to the discovery rules.

Consequently, any discovery requested from individuals who will either not be parties to this lawsuit or who will not be under the jurisdiction of this court would be wasteful, annoying, oppressive, and unduly burdensome and expensive.

Furthermore, the plaintiff has no objection to Kindred's motion for protective order. Indeed, the plaintiff has previously requested that the court stay this matter pending resolution of his motion for remand.

Accordingly, Kindred's motion for protective order is granted. Smith shall not have discovery from Katherine Bennett, Niecie J.

3

McKinion, James W. Freeman, or Frank D. Lamier until resolution of the pending motion to remand.

IT IS SO ORDERED this 16th day of August, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:05-CV-02106 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

William Lee Maddux
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Lisa E. Circeo
WILKES & McHUGH, P.A.- Nashville
2100 West End Plaza
Ste. 640
Nashville, TN

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Daryl J. Brand
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Deborah Whitt
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Honorable J. Breen
US DISTRICT COURT