IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 13 PM 4:19

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

---

EDWARD SMITH, as Conservator )
of SUE NELL SMITH, an )
incapacitated person, )
  )
      Plaintiff, )
  )
vs. ) No. 05-02106 BV
  )
KINDRED NURSING CENTER LIMITED )
PARTNERSHIP d/b/a Cordova )
Rehabilitation and Nursing )
Center; KINDRED HEALTHCARE )
SERVICES, INC.; and KINDRED )
HEALTHCARE OPERATING, INC.; )
NEICIE J. MCKINION, in her )
capacity as Administrator of )
Cordova Rehabilitation and )
Nursing Center; KATHERINE A. )
BERRY, her capacity as )
Administrator of Cordova )
Rehabilitation and Nursing )
Center; FRANK D. LAMIER, in )
his capacity as Administrator )
of Cordova Rehabilitation and )
Nursing Center; JAMES W. )
FREEMAN, in his capacity as )
Administrator of Cordova )
Rehabilitation and Nursing )
Center, )
  )
      Defendants. )

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL
DISCLOSURE OF INFORMATION REQUIRED BY RULE 26(a)(1)**

---

Before the court is the August 4, 2005 motion of the plaintiff, Edward Smith, Conservator of Sue Nell Smith, an incapacitated person, for an order compelling the defendants to

provide complete Rule 26(a)(1) mandatory initial disclosures. In addition, the plaintiff seeks the imposition of sanctions on the defendants in the form of attorney fees and expenses and an order prohibiting the defendants' use at trial of any matter not disclosed. In response, the defendants state that their Rule 26 initial disclosures were sufficient and will be duly supplemented as new information becomes available. The defendants also seek the imposition of sanctions on the plaintiff in the form of attorney fees and expenses. The motion was referred to the United States Magistrate Judge for determination.

The plaintiff filed this suit for damages to recover for injuries allegedly suffered by Sue Nell Smith while a resident at Cordova Rehabilitation and Nursing Center. A joint scheduling order was entered by the court, which required initial disclosures to be made by April 14, 2005. On that day, the defendants timely served their initial disclosures, identifying 99 employees, nine physicians, and four administrators who were likely to have discoverable knowledge. The defendants also identified and produced Sue Nell Smith's nursing home chart as the primary set of documents in the defendants' possession that they may use in their defense of the case. The defendants stated in the initial disclosures that they reserved the right to supplement the disclosures as discovery progresses and as other witnesses and

responsive documents are identified.

One week later, on April 21, 2005, the plaintiff served a "First Requests for Admissions," which asked the defendants to admit that they had no witnesses or documents to support their defense other than those listed in the initial disclosures. The defendants responded to each of the requests with "denied." The plaintiff asserts that, by summarily issuing denials for such requests for admissions, it is apparent that the defendants know of witnesses and documents not contained in their initial disclosures.

Under Rule 26(a)(1), the defendants are required to provide initial disclosures regarding witnesses or documents that the defendants may use to support their defenses. These initial disclosures must be based on "the information then reasonably available" to the party. FED. R. CIV. P. 26(a)(1). Furthermore, Rule 26(e) requires that the defendants supplement or correct the disclosures to include information thereafter acquired if the additional or corrective information has not otherwise been made known to the other party through discovery or in writing.

Here, the defendants complied with Rule 26 by providing initial disclosures, with the assurance that such disclosures would be supplemented or corrected, as necessary. As they stated was their intention, the defendants must supplement and correct their initial disclosures as required by Rule 26. This shall occur as

3

necessary. In order to assure that the initial disclosures are timely supplemented, supplemental responses shall be filed no later than January 17, 2006 - two weeks before the close of discovery.

Contrary to the plaintiff's claim, the defendants' responses to the requests for admissions do not indicate that they withheld information from their initial disclosures in violation of Rule 26. Courts have held that "a denial of a request for admission is not a statement of fact; it simply indicates that the responding party is not willing to concede the issue . . . ." *Gutierrez v. Massachusetts Bay Transportation Auth.*, 772 N.E.2d 552, 567 (Mass. 2002) citing *American Comm. Telecommunications, Inc. v. Commerce N. Bank*, 691 S.W.2d 44, 48 (Tex. App. 1985). Here, the defendants' denials indicate that they were not willing to concede, at that time, that there were no additional witnesses or documents. The denials therefore do not necessarily indicate that the defendants were aware of such witnesses or documents either at the time of the initial disclosures or at the time of their responses.

The plaintiff's motion for an order prohibiting the defendants' use at trial of any matter not disclosed and to compel is denied. The plaintiff's request for attorney fees and expenses and the defendants' request for attorney fees and expenses are also denied. Each shall bear its own fees and expenses.

IT IS SO ORDERED this 12th day of September, 2005.

Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:05-CV-02106 was distributed by fax, mail, or direct printing on September 14, 2005 to the parties listed.

---

Deborah Whitt
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Brian Reddick
WILKES & MCHUGH, P.A.
425 West Capitol Avenue
Ste. 3500
Little Rock, AR 72201

T. Ryan Malone
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

William Lee Maddux
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Cameron C. Jehl
WILKES & McHUGH- Little Rock
425 West Capitol Ave.
Ste. 3500
Little Rock, AR 72201

Lisa E. Circeo
WILKES & McHUGH, P.A.- Nashville
2100 West End Plaza
Ste. 640
Nashville, TN

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Daryl J. Brand
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Honorable J. Breen
US DISTRICT COURT